17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Merwin Michael HILL, Plaintiff-Appellant,
v.
STATE OF ARIZONA, Arizona Department of Corrections;
William Benge; Thomas Kyele; C. Aydett,
Defendants-Appellees.
 No. 93-15602.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 22, 1994.
 
 1
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Merwin Michael Hill, an Arizona state prisoner, appeals pro se the dismissal of his 42 U.S.C. Sec. 1983 civil rights action pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part and vacate and remand in part.
 
 
 4
 We review a Sec. 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Pursuant to Sec. 1915(d), the district court may sua sponte dismiss a frivolous in forma pauperis action before service of process. Neitzke v. Williams, 490 U.S. 318, 324 (1989). An action is frivolous if it lacks an arguable basis in either law or fact. Id. at 325. A pro se plaintiff who has presented an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Moreover, a pro se plaintiff "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1980) (per curiam)).
 
 
 5
 In his complaint, filed on January 13, 1993, Hill made the following allegations. He pleaded guilty to first degree burglary and was sentenced to four years imprisonment, with credit for time served. The Arizona Department of Corrections took custody of him on September 14, 1992. On September 23, 1992, defendant William Benge, a classification officer, set Hill's security classification at "4.2" rather than "3.2" on the basis that he represented a high public risk. Defendant Thomas Kyele, a central classification officer, approved the 4.2 rating even though, according to Hill, it was not justified. As a result, Hill was placed in a high security prison unit and would not be released the first time he became eligible for parole.
 
 
 6
 Hill also alleged that defendant prison official C. Aydett miscalculated the time Hill was required to serve. On October 15, 1992, Aydett calculated that even though Hill's offense is a Class 3, non-dangerous, non-repetitive felony, he will not be eligible for parole until March 3, 1994, when he will have served half of his four-year sentence. According to Hill, his first parole eligibility date should have been in September 1993, six months before half of his sentence is served. Aydett also miscalcuted Hill's potential good time release date or "earned release credit date" as March 11, 1995, rather than January 11, 1995.
 
 
 7
 42 U.S.C. Sec. 1983 requires a plaintiff to establish that a person acting under color of state law committed an act that deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States. Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (per curiam).
 
 
 8
 There is no constitutional right to good time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). There is also no constitutional right to early release on parole, Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979), nor to a particular security classification, Hewitt v. Helms, 459 U.S. 460, 466-67 (1983). Nonetheless, state statutes governing these matters may create liberty interests protected by due process guarantees. Id. at 469, 472 (administrative segregation statute created liberty interest by "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates").
 
 
 9
 Here, however, Hill has not yet earned the good time credits to which he may be entitled in the future. See Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir.1989) (once prisoner earns credits pursuant to mandatory language of state statute, "they cannot be denied without benefit of minimal due process protections"). Accordingly, the district court did not err by dismissing as frivolous Hill's claim regarding good time credits. See Denton, 112 S.Ct. at 1734; Neitzke, 490 U.S. at 324-25.
 
 
 10
 Hill argues that because his Class 3, non-dangerous felony is a first offense, he is not subject to the Arizona sentencing statute's requirement that he serve at least half of his sentence before becoming eligible for parole. See Ariz.Rev.Stat.Ann. Sec. 13-604. This argument is unavailing because the Arizona parole statute provides that a prisoner's "earliest parole eligibility occurs when the prisoner has served one-half of his sentence." Ariz.Rev.Stat.Ann. Sec. 41-1604.06(D). Accordingly, the district court did not err by dismissing Hill's claim regarding parole eligibility. See Denton, 112 S.Ct. at 1734; Neitzke, 490 U.S. at 324-25.
 
 
 11
 As the district court found, Hill has not identified any specific state law that creates a liberty interest in a security classification or prison unit assignment. At this early stage in the proceedings, however, we cannot say that no such regulation or policy exists. Cf. McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986) ("unlikely" that in 1983 and 1984 Arizona state law created liberty interest in remaining within the general prison population). As to Hill's claim regarding his classification, we vacate the district court's order and remand for further proceedings. See Jackson, 885 F.2d at 640; Noll, 809 F.2d at 1448.
 
 
 12
 AFFIRMED in part and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3