34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald W. CALKINS, Petitioner-Appellant,
v.
Eldon VAIL; et al., Respondents-Appellees.
 No. 94-35114.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 12, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald W. Calkins (also known as Donald W. Wilson), a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Calkins challenges a decision of the Washington Indeterminate Sentence Review Board ("the Board") arising out of his 1989 parole revocation. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993), and affirm.
 
 
 3
 Calkins contends that the Board violated his Fourteenth Amendment right to due process by denying him good time credits and the opportunity to earn future time credits without affording him a hearing. This contention lacks merit.
 
 
 4
 A prisoner has no constitutional right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1978); Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991). A state statute may create an expectation of parole so that the statute creates a liberty interest protected by the due process clause. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Bermudez, 936 F.2d at 1067. Whether a state statute provides such a protectable entitlement depends on the structure and language of the statute, as well as the state courts' interpretation of the scope of the interest. Greenholtz, 442 U.S. at 12; Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir.1989). State law establishes a liberty interest if it contains mandatory language which places substantive limitations on the exercise of official discretion. Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (explaining that state law standards must eliminate all discretion in order to create liberty interest).
 
 
 5
 Here, the Board revoked Calkins' parole on April 20, 1989. At a revocation hearing, the Board held that Calkins' new minimum term of imprisonment would be his maximum sentence. On January 9, 1990, the Board conducted a parolability hearing and concluded that Calkins was not parolable. Thus, the Board maintained its previous action in extending the minimum term to the maximum expiration date of Calkins' sentence.
 
 
 6
 Calkins attempts to characterize the Board's decision as a denial of Calkins' statutory right to a reduction in his sentence based on good time credits, citing Bergen v. Spaulding, 881 F.2d 719 (9th Cir.1989).[1] However, in determining whether a state statute provides a liberty interest we must look to the state courts' interpretation of the scope of the interest. See Greenholtz, 442 U.S. at 12; Bergen, 881 F.2d at 722 (explaining that federal courts are bound by the state supreme court's definitive interpretation of state law in determining whether statute creates liberty interest). Under Washington law, the Board's decision is more appropriately characterized as an issue of Calkins' parolability. See In re Cashaw, 866 P.2d 8, 12-13 (Wash.1994) (determining that Washington state law does not create liberty interest in parolability under similar facts).
 
 
 7
 Moreover, Calkins does not have a liberty interest because the Board's decision regarding an inmate's parolability is not guided by substantive limitations on the Board's discretion. See id.; Wash.Rev.Code Sec. 9.95.100 (1988) ("The board shall not, however, until his maximum term expires, release a prisoner, unless in its opinion his rehabilitation has been complete and he is a fit subject for release"); see also Mayner v. Callahan, 873 F.2d 1300, 1301 (9th Cir.1989) (Washington law does not create protected liberty interest in parole). Accordingly, the district court properly denied the habeas petition since Calkins' claim does not involve a protected liberty interest. See Greenholtz, 442 U.S. at 12; In re Cashaw, 866 P.2d at 12-13.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Bergen, we found that a Washington state prisoner had a protected liberty interest in his release date because the Board lacked discretion once the superintendent determined that Bergen was entitled to receive good time credits. See Bergen, 881 F.2d at 722; Wash.Rev.Code Sec. 9.95.070 (1988). This case is distinguishable because it involves a revocation of parole and Calkins has failed to show that the superintendent made any such recommendation for a reduction in his sentence. See Bergen, 881 F.2d at 722
 
 
 [2]
 To the extent that Calkins is challenging the Board's failure to follow state laws and regulations, he has not stated a cognizable federal habeas claim. See Estelle v. McGuire, 112 S.Ct. 475, 479 (1991). Moreover, Calkins has not shown that the Board failed to follow its own regulations, because the Board conducted a parolability hearing on January 9, 1990. Cf. In re Cashaw, 866 P.2d at 13 (Board failed to follow own procedural rules for parolability hearings)