**Arthuro Q. BERMUDEZ, Plaintiff–Appellant,**

v.

**Edward T. DUENAS, Chief Parole Officer, Guam Parole Services Division; et al., Defendants–Appellees.**

**Nos. 89–16486, 90–15198.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 1991 *.

Decided June 18, 1991.

---

**3.** We have repeatedly held that the district court acts correctly when it excludes evidence of what the law is or should be. *United States v. Poschwatta,* 829 F.2d 1477, 1483 (9th Cir.1987), *cert. denied,* 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988); *United States v. Mueller,* 778 F.2d 539, 540–41 (9th Cir.1985); *Cooley v. United States,* 501 F.2d 1249, 1253 (9th Cir.1974), *cert. denied,* 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). These precedents are based on the premise that the district court is the jury's sole source of the law. *Poschwatta,* 829 F.2d at 1483. The Supreme Court's decision in *Cheek* has effectively overruled these cases when considering a defendant's good faith belief in the interpretation of the law.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Arthuro Q. Bermudez, plaintiff-appellant in pro per.

Maria G. Fitzpatrick, Asst. Atty. Gen., Agana, Guam, for defendants-appellees.

Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.

PER CURIAM:

Arthuro Q. Bermudez, a prisoner incarcerated under the laws of Guam, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against members of the Guam Territorial Parole Board ("Board"), his social worker at the prison, and other prison officials in their individual and official capacities. Bermudez contends that the district court erred in dismissing this action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. We review de novo. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). We affirm the dismissal of all of the plaintiff's claims except his claim that his denial of parole was a denial of due process. As to this claim, the district court erred in holding

that the plaintiff lacked any protected liberty interest under the Guam parole statutes. *See Board of Pardons v. Allen,* 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Neb. Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

## I

Bermudez's contention that the district court erred in dismissing the defendants named in their official capacities lacks merit.

■ To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege, or immunity secured by the Constitution or federal law by a person acting under color of the laws of any state or territory. 42 U.S.C. § 1983; *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Neither the territory of Guam nor its employees acting in their official capacities are persons under section 1983. *See Ngiraingas v. Sanchez,* — U.S. —, 110 S.Ct. 1737, 1743, 109 L.Ed.2d 163 (1990). Accordingly, the district court properly dismissed the action against the defendants acting in their official capacities for failure to state a claim. *Id.*

## II

■ Bermudez contends that the district court erred in dismissing his claims for damages against the parole board members acting in their individual capacities. This contention lacks merit. Although a section 1983 action may be maintained against officials acting in their individual capacities, *see Ngiraingas v. Sanchez,* 858 F.2d 1368, 1372–1373 (9th Cir.1988), *aff'd,* — U.S. —, 110 S.Ct. 1737, 109 L.Ed.2d 163 (1990), parole board officials are entitled to absolute immunity from liability for damages for their actions taken when processing parole applications. *Sellars v. Procunier,* 641 F.2d 1295, 1302 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981). Accordingly, the district court properly dismissed the claims.

## III

■ Bermudez also alleges that (1) parole officers Edward Duenas and Joseph Chargualaf failed to advise him of what records would be reviewed by the Board at his hearing; (2) he was entitled to review the records contained in his files; and (3) the Board failed to provide reasons for its rejection of his parole application. These contentions lack merit.

Inmates are not entitled to be apprised of all the evidence relied upon by a parole board in rendering its decision. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex,* 442 U.S. 1, 15–16, 99 S.Ct. 2100, 2107–08, 60 L.Ed.2d 668 (1979). Due process requires no more than an opportunity to be heard and notification of the parole board's reasons for denying parole. *Id.* at 16, 99 S.Ct. at 2108; *Reynolds v. McCall,* 701 F.2d 810, 812 (9th Cir.1983). Here, Bermudez was provided with the opportunity to be heard and the reasons for the Board's decision. Bermudez admits he waived his right to appear at the hearing. Therefore, Bermudez received all the process he was due. *Id.*

## IV

■ Bermudez also contends that the parole board members impermissibly delayed his parole hearing. Any delay resulted from Bermudez's late filing of his parole application, received one day before his eligibility date, which did not contain sufficient information about his proposed home placement, and which contained some incorrect information. Accordingly, the district court properly dismissed this claim.

■ Bermudez also contends he sent letters to the Correctional Director, the Correctional and Associate Wardens, and his social worker/case worker in November and December 1988 requesting that they inform him of any action taken on his parole application. He further contends that they either failed to respond or failed to respond in a timely fashion. Nevertheless,

Bermudez concedes he was informed by the parole board by letter dated January 27, 1989 that he was being denied parole. The prison officials' alleged failure to respond to Bermudez's letters does not rise to the level of a constitutional violation. *See Parratt,* 451 U.S. at 535, 101 S.Ct. at 1912.

V

Bermudez next contends that the district court erred in determining that he did not have a liberty interest in parole. As to this claim, controlling Supreme Court precedent requires reversal. *See Board of Pardons v. Allen,* 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).

A prisoner has no federal constitutional right to parole. *Greenholtz,* 442 U.S. at 7–11, 99 S.Ct. at 2103–06; *Bergen v. Spaulding,* 881 F.2d 719, 721 (9th Cir. 1989). Nevertheless, early release statutes can create "a liberty interest protected by due process guarantees." *Greenholtz,* 442 U.S. at 12, 99 S.Ct. at 2106. "A state [or territory] may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." *Baumann v. Arizona Dept. of Corrections,* 754 F.2d 841, 844 (9th Cir.1985) (citing *Hewitt v. Helms,* 459 U.S. 460, 470–71, 103 S.Ct. 864, 870–71, 74 L.Ed.2d 675 (1983)). A protected liberty interest may be created by statutes, administrative regulations, or published prison policy, rules, and regulations. *Id.* The statute or regulation must use specific, mandatory language. *Id.*

Under the Guam statute, "[a]n offender sentenced to a term of imprisonment may be released conditionally upon completion of two-thirds (⅔) of his fixed sentence or thereafter in accordance with the provisions of this Article." 9 Guam Code Ann. § 80.70. Section 80.72 provides that an inmate "shall be eligible for release on parole at any time after the service of two-thirds (⅔) of his sentence." Section 80.76 provides that "[w]henever the board considers the release of a prisoner for parole, the board shall order his release, if it

is of the opinion that" the following five conditions are met: (1) the release is compatible with public safety and security, (2) it is substantially likely that the prisoner will abide by the law and the conditions of parole, (3) release on parole would not "depreciate the seriousness of [the inmate's] ... crime or promote disrespect for the law," (4) release would not have an adverse effect on institutional discipline, and (5) continued incarceration will not substantially enhance the inmate's capacity to lead a law-abiding life when released at a later date.

The Guam parole statute thus provides that parole "shall" be granted if given criteria are met. It is similar in structure to Montana's parole statute, which the Supreme Court has held created a protected liberty interest in parole release. *See Allen,* 482 U.S. at 372, 107 S.Ct. at 2417. The Board's decisions under the Guam statute, like decisions under the statutes in *Allen* and *Greenholtz,* are "necessarily subjective" and involve "very broad" discretion. *See Allen,* 482 U.S. at 381, 107 S.Ct. at 2422 (quoting *Greenholtz,* 442 U.S. at 13, 99 S.Ct. at 2106). The critical language in the Montana statute is like the critical language in *Allen* and *Greenholtz* that provided the Board "*shall* release the inmate when the findings prerequisite to release are made." *Id.* (emphasis in the original). Any parole statute that mandates release "unless," "when," or "if" certain findings are made "creates a presumption that parole release will be granted." *Id.* 482 U.S. at 378, 107 S.Ct. at 2421 (citing *Greenholtz,* 442 U.S. at 12, 99 S.Ct. at 2106). Therefore, the Guam statute, like the Montana statute, creates a liberty interest protected by the due process clause. *See id.* 482 U.S. at 381, 107 S.Ct. at 2422. Accordingly, Bermudez states a claim upon which relief can be granted.

The pertinent inquiry then becomes whether the parole board's decision is supported by some reliable evidence. *Jancsek v. Oregon Board of Parole,* 833 F.2d 1389, 1390 (9th Cir.1987). Because the district court did not address this issue, we remand so that it may address Bermudez's claim.

## VI

Bermudez also contends that the district court erred in denying his first motion to compel discovery and in failing to rule upon his second motion to compel discovery.

Pursuant to Fed.R.Civ.P. 34, a party may serve on any other party a request for production of documents. In the event that the party on whom the request is served fails to comply, the party seeking the documents may move a court to compel production of the documents. Fed.R.Civ.P. 37.

■ Here, Bermudez filed a motion to compel discovery on August 3, 1989. On August 7, 1989, the district court denied the motion as premature because Bermudez had made no request for discovery pursuant to Fed.R.Civ.P. 34. On the same day, the defendants notified the district court that they were willing to treat Bermudez's motion as a request for production of documents and would respond accordingly. On September 28, 1989, the defendants responded to Bermudez's request, although the record does not demonstrate which documents they provided. Bermudez renewed his motion to compel discovery on October 11, 1989, but the district court never addressed the motion before dismissing the case.

The district court properly denied Bermudez's first motion as premature. *See* Fed. R.Civ.P. 37. Because we hold that Bermudez states a claim and remand to the district court, the district court should consider Bermudez's second motion upon remand.

## VII

Bermudez contends that the district court erred in not addressing his motions filed after he filed a notice of appeal. This contention lacks merit. The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed. *Davis v. United States*, 667 F.2d 822, 824 (9th Cir.1982). Accordingly, the district court properly declined to address the motions.

## VIII

On appeal, Bermudez contends the district court judge was biased against him. A party must show extrajudicial bias or prejudice when seeking disqualification of a district court judge. *Thomassen v. United States*, 835 F.2d 727, 732 (9th Cir.1987). Bermudez presents no facts to support this contention, and argues only that the district court judge was biased because he dismissed the action.

AFFIRMED in part, REVERSED in part, and REMANDED.