944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthuro Q. BERMUDEZ, Plaintiff-Appellant,
v.
Joseph F. ADA, et al., Defendants-Appellees.
 Nos. 90-16824, 91-15067.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 24, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthuro Q. Bermudez, a prisoner incarcerated under the laws of Guam, appeals pro se the district court's (1) dismissal of his 42 U.S.C. § 1983 action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim and (2) denial of his motion for a temporary restraining order or preliminary injunction.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * In his complaint, Bermudez sought damages against (1) the Chairman of the Guam Territorial Parole Board ("Chairman of the Parole Board"), who allegedly failed to comply with proper procedures in considering his second application for parole and (2) the Guam Attorney General, who allegedly "played major roles in [the] investigatory process in the plaintiff's case and parole matters."
 
 
 4
 Parole board officials are absolutely immune from liability for damages for actions taken when processing parole applications. Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981). Furthermore, prosecutors are absolutely immune from liability for damages for actions taken within the scope of their authority. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Accordingly, the district court properly dismissed Bermudez's claims for damages against these defendants.
 
 II
 
 5
 Bermudez's contention that the district court erred in dismissing the complaint as to defendant Ada, the Governor of Guam, also lacks merit.
 
 
 6
 Liability under section 1983 arises only upon a showing of personal involvement by the defendant in the alleged constitutional violations; there is no respondeat superior liability. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Thus, a supervisor is liable under section 1983 only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 7
 In his opposition to the motion to dismiss Bermudez alleged that Governor Ada "should have known plaintiff was being deprived [of] his constitutional rights," he had the power to prevent such violations but failed to do so, and "he gives consent and advice to Guam Parole Board Members and Guam [Department of Corrections] employees in discharging their duties." Bermudez also alleged that Governor Ada failed "to properly train or supervise" members of the parole board and employees of the Department of Corrections. Because these allegations fail to demonstrate that Governor Ada personally participated in or directed the alleged constitutional violations, or that he knew of the alleged violations and failed to prevent them, the district court properly dismissed this claim. See id.
 
 III
 
 8
 The district court properly determined that Bermudez's claims concerning the denial of his first parole application were barred by res judicata.
 
 
 9
 Under res judicata, a final judgment on the merits bars further claims by parties on the same cause of action. Montana v. United States, 440 U.S. 147, 153 (1979).
 
 
 10
 In his complaint, Bermudez alleged that his first application for parole was improperly denied and that the parole board failed to provide reasons for its rejection. These claims were raised and litigated in this court in a previous action and thus are barred by the doctrine of res judicata. See Bermudez v. Duenas, 936 F.2d 1064 (1991).
 
 IV
 
 11
 Bermudez contends that the Chairman of the Parole Board violated his right to due process by denying his second parole application. This contention lacks merit because even if Bermudez has a liberty interest in parole, he has sued the wrong defendant. See Sellars, 641 F.2d at 1302 (chairman of Parole Board has absolute immunity).
 
 V
 
 12
 Bermudez's contention that the district court erred in denying his motion for a temporary restraining order and preliminary injunction freezing the assets of the government lacks merit.
 
 
 13
 We reverse a district court's denial of a preliminary injunction only where the court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Religious Technology Center, Church of Scientology Internat'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989). Here, the district court properly applied the two alternative tests set out by this court in City of Tenakee Springs v. Block, 778 F.2d 1402, 1407 (9th Cir.1985) (citations omitted):
 
 
 14
 The first test requires that a court find (1) the moving party will suffer irreparable injury if the injunctive relief is not granted; (2) there is a substantial likelihood that the moving party will succeed on the merits; (3) in balancing the equities the nonmoving party will not be harmed more than the moving party is helped; and (4) granting injunctive relief is in the public interest.... The second test requires the moving party to demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips sharply in his favor.
 
 
 15
 The district court did not abuse its discretion in denying Bermudez's motion for a temporary restraining order or a preliminary injunction because he failed to qualify for injunctive relief under these standards.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bermudez mistakenly designates this action throughout his complaint and briefs as an action brought under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Because the appellees are acting under color of territorial law, not federal law, this civil rights action is properly brought under section 1983. See 42 U.S.C. § 1983 (civil rights action lies for constitutional deprivations by persons acting under color of the laws of any territory)
 
 
 [2]
 Bermudez's request for costs is denied