17 F.3d 398
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eric William ZESSMAN, Plaintiff-Appellant,
v.
Carol G. COHEN, et al., Defendants-Appellees.
 No. 93-16334.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric W. Zessman, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Zessman claims that defendants violated his civil rights by considering dismissed criminal charges and a one-year-old arrest report when revoking his parole.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992), and affirm.
 
 
 3
 A prisoner has no constitutional right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1978); Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991). Although parole revocation does not require all the rights afforded a defendant in criminal proceedings, parolees are entitled to certain minimal due process before their parole is revoked. Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973); Morrissey v. Brewer, 408 U.S. 471, 480 (1972). These minimum due process requirements include notice and opportunity for the parolee to be heard and to present evidence, the right to confront and cross-examine witnesses, a neutral and detached hearing body, and a written statement by the fact finders discussing the evidence relied upon and reasons for revoking parole. Morrissey, 408 U.S. at 489.
 
 
 4
 A parole board may revoke parole status if it is determined that the parolee admitted to parole violations and if those violations are found to be reasonable grounds for revoking parole under state standards. Id. at 490.
 
 
 5
 Here, at a November 21, 1991 parole hearing, Zessman pled guilty to five violations of his parole: (a) failing to notify the Department of Parole and Probation of his current residence in violation of Rule 2; (b) failing to maintain steady employment in violation of Rules 4 and 13; (c) failing to report to the Probation Department and failing to submit the required monthly reports for three months in violation of Rule 5; and (d) two instances of participating in criminal conduct while out of custody on parole in violation of Rule 12.
 
 
 6
 Zessman contends that the defendants erroneously relied on dismissed criminal charges to support the fourth violation, and a one-year-old arrest report to support the fifth violation. However, because any one of the three unchallenged violations would be reasonable grounds for revoking his parole under state standards, and because Zessman pled guilty to all five violations at the hearing, the decision of the defendants was valid. See Morrissey, 408 U.S. at 490.
 
 
 7
 Further, it is undisputed that defendants provided Zessman with notice of the alleged violations, an opportunity to be heard and present evidence, and the right to confront and cross-examine witnesses. Zessman did not dispute that the parole board was a neutral and detached hearing body, or that he was provided with a written statement discussing the evidence relied upon and reasons for revoking parole. Thus, Zessman's claim that defendants violated his procedural due process rights when they revoked his parole lacks merit. See id. at 489.
 
 
 8
 Accordingly, the district court did not err in dismissing Zessman's action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because no cause of action exists under Sec. 1983 for failing to grant parole, see Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991) (a prisoner has no federal constitutional right to parole), the district court construed Zessman's pro se action as a petition for habeas corpus pursuant to United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984) (a challenge to the manner of execution of a sentence is properly brought as a petition for habeas corpus)