32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Percy Lavae BACON, Petitioner-Appellant,
v.
James GOMEZ, Respondent-Appellee.
 No. 94-15508.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Percy Lavae Bacon, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his sentence for robbery. Bacon contends that: (1) his due process rights were violated when Nevada prison authorities denied him parole based on erroneous information; (2) he is entitled to credit toward his California sentence for time served in a Nevada prison; (3) he is entitled to retroactive prison credits toward his California sentence; and (4) the district court erred by not granting Bacon's discovery motion. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo the district court's denial of a habeas corpus petition, and we affirm. See Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993).
 
 
 3
 * Background
 
 
 4
 Bacon was convicted in Nevada of robbery in 1982 and began serving an 18-year sentence. While serving this sentence, Bacon was extradicted to California and again convicted of robbery. In August 1984, he was sentenced to an eight-year California prison term, which was to run consecutively to any other prison term. Bacon was returned to Nevada to complete his 18-year sentence.
 
 
 5
 On September 7, 1984, the California Department of Corrections (CDC) lodged a detainer against Bacon in Nevada. The detainer erroneously stated that the California sentence was concurrent with the Nevada sentence. A few weeks later Bacon signed a document that he describes as a "credit waiver form." In November 1988 the CDC informed both Bacon and Nevada prison officials that the California sentence was consecutive to the Nevada sentence, and that the CDC had erroneously recorded his California and Nevada sentences as concurrent.
 
 
 6
 The Nevada Board of Parole Commissioners (Parole Commissioners) paroled Bacon on November 9, 1990, and he began serving his California sentence.
 
 
 7
 Bacon filed a writ of habeas corpus in the California Superior Court in 1991 claiming the credit waiver form he signed in September 1984 was a contract between Bacon and the CDC governing the credits he would receive toward his California sentence for time he spent in the Nevada prison. The state court found that any agreement that existed between Bacon and the California authorities whereby Nevada credit would be applied to a consecutive California sentence was illegal and unenforceable.
 
 II
 
 8
 Use of False Information by Parole Commissioners
 
 
 9
 Bacon claims that the Parole Commissioners would have granted parole to him before 1990 and he could have begun serving his California sentence earlier had they known that his California sentence was consecutive to his Nevada sentence.
 
 
 10
 Bacon appears to contend that his due process rights were violated when he was denied parole based on false information. A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty interest, protected by the Constitution, in being paroled. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 843 (9th Cir.1985).
 
 
 11
 "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7; accord Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir.1989). "A state may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." Baumann, 754 F.2d at 844; see also Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991) (per curiam). However, no protected entitlement to release exists unless a state scheme includes a formula which mandates release after the occurrence of specified events. Baumann, 754 F.2d at 844 (stating that the unique "shall/unless" formula was decisive in Greenholtz ). "That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained"; such a hope is not protected by due process. Greenholtz, 442 U.S. at 11; see also Baumann, 754 F.2d at 844.
 
 
 12
 The Nevada parole statutes do not create a liberty interest in parole. The Nevada legislature has specifically stated that release on parole is an act of grace and that "it is not intended that the establishment of standards relating thereto create any such right or interest in liberty." Nev.Rev.Stat. Sec. 213.10989 (1991); see also Severance v. Armstrong, 620 P.2d 369, 370 (Nev.1980) (Nevada parole statutes provide "no legitimate expectation of parole release"). Although sections 213.10987-.120 specify conditions under which the Parole Commissioners may grant parole to an inmate, they do not place substantive limitations on the Parole Commissioner's exercise of discretion. See Greenholtz, 442 U.S. at 11-12; Bermudez, 936 F.2d at 1067; Baumann, 754 F.2d at 844. Therefore, Bacon does not have a state-created protected liberty interest in being released on parole. See Greenholtz, 442 U.S. at 12; Bermudez, 936 F.2d at 1067; Baumann, 754 F.2d at 844. Because Bacon has not demonstrated that he has a protected liberty interest in being released on parole, we need not consider whether his due process rights were violated. See Greenholtz, 442 U.S. at 7; Roth, 408 U.S. at 570-71; Baumann, 754 F.2d at 843.
 
 III
 
 13
 California Prison Credit for Serving Nevada Sentence
 
 
 14
 Bacon contends that the credit waiver form he signed was an agreement between him and the CDC such that his California and Nevada sentences would be served concurrently, and that the time he served on his Nevada sentence would be credited toward his California sentence. Bacon also claims that, because he was actually serving portions of his Nevada and California sentences concurrently, he is entitled to credit toward his California sentence pursuant to Cal.Pen.Code Secs. 2931-33 (West Supp.1994) for the time he served in the Nevada prison.
 
 
 15
 A state prisoner must allege that his detention violates the Constitution, a federal statute, or a treaty in order to state a claim for habeas relief. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). We are bound by a state court's interpretation of its own laws unless that interpretation is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989). Factual determinations by state courts are presumed correct unless the petitioner was denied due process in the state court proceeding or the state court's findings are not supported by the record. Bashor v. Risley, 730 F.2d 1228, 1232-33 (9th Cir.), cert. denied, 469 U.S. 838 (1984).
 
 
 16
 Because Bacon bases his contract claim on state law principles, he has failed to allege any violation of his federal rights. See McGuire, 112 S.Ct. at 480. Moreover, the California courts have determined that any contract such as Bacon describes is illegal and unenforceable. Because this interpretation is neither untenable nor an attempt to evade review of a constitutional question, we are bound by the state court's legal determination. See Oxborrow, 877 F.2d at 1399. Finally, the state court found, as an historical fact, that Bacon's California sentence was consecutive to other sentences. We presume that this finding is correct because the record does not indicate that the state proceeding violated Bacon's due process rights and the state court's determination is fully supported by the record. See Bashor, 730 F.2d at 1232-33. Because California prisoners are not entitled to credit for time spent in another state's prison unless the sentences are concurrent, see Cal.Penal Code Sec. 2900 (West 1982), Bacon has failed to allege a cognizable claim. See McGuire, 112 S.Ct. at 480.
 
 IV
 Remaining Claims
 
 17
 We do not address Bacon's claim that he is entitled to retroactive prison credits pursuant to sections 2931-33 because he alleges no violation of federal law. See McGuire, 112 S.Ct. at 480. The district court's denial of Bacon's discovery motion was not an abuse of discretion because the requested material was irrelevant. See Harris v. Vasquez, 949 F.2d 1497, 1512 (9th Cir.), cert. denied, 112 S.Ct. 1275 (1990).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3