37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Greg SCHULTZ, Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, United States Probation
Office; Elizabeth A. Clark; and Douglas Curless,
Defendants-Appellees.
 No. 93-16849.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1994.*
Decided Oct. 7, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Greg Schultz, a federal prisoner, appeals pro se the dismissal of his action filed pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).
 
 
 3
 * Schultz filed a complaint seeking injunctive relief and damages on January 3, 1991. On March 4, 1991, he filed a first amended complaint seeking only damages. On May 21, 1991, he filed a second amended complaint against the United States Parole Commission, Elizabeth A. Clark, Douglas Curless, and the United States Probation Office. The district court dismissed the action for failure to exhaust administrative remedies on July 18, 1991. On appeal, we reversed the district court's judgment on the basis that Schultz was not required to exhaust administrative remedies because he sought only monetary relief. Schultz v. United States Parole Comm'n, No. 91-16186, unpublished memorandum disposition (9th Cir. Mar. 30, 1992). On remand, the district court dismissed the action for failure to state a claim on September 7, 1993. Schultz timely appeals. Having jurisdiction under 28 U.S.C. Sec. 1291, we affirm.
 
 II
 
 4
 Schultz contends that the district court erred by dismissing his action.
 
 
 5
 We review de novo a Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The district court may not dismiss an action under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990) (quotations omitted).
 
 
 6
 When a parole statute creates a liberty interest protected by due process guarantees, a prisoner is entitled to (1) an opportunity to be heard and (2) a statement of reasons if parole is denied. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 16 (1979); Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (per curiam).
 
 
 7
 Schultz was a state prisoner serving a concurrent federal sentence in a state institution when the U.S. Parole Commission considered Schultz's request for parole. The Commission considered the request on the record without Schultz's presence pursuant to 28 C.F.R. Sec. 2.16(b), which provides that a prisoner serving concurrent state and federal sentences in a state institution shall be considered for parole by an examiner panel "on the record only."
 
 
 8
 Schultz contends that, as a result, he was denied due process and equal protection. Unlike other federal prisoners, "at his June 1991 hearing, [he] was not given (1) the opportunity to be present or heard, (2) did not have the benefit of a representative present, and (3) was not given a copy of his presentence report or any other materials when he requested them on his application for parole...."
 
 
 9
 We disagree. Schultz had an opportunity to be heard when he was permitted to submit a parole application form. See 28 C.F.R. Sec. 2.16(b); Greenholtz, 442 U.S. at 16. Moreover, when he was transferred from state to federal prison, Schultz was given an opportunity for an in-person parole hearing. See 28 C.F.R. Sec. 2.16(b). Finally, Schultz was "not entitled to be apprised of all the evidence relied upon by [the] parole board in rendering its decision." See Bermudez, 936 F.2d at 1066.
 
 III
 
 10
 Schultz contends that the district court erred by denying him leave to file a third amended complaint.
 
 
 11
 We review the district court's denial of leave to amend for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). After an answer is filed, a plaintiff may amend his complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).
 
 
 12
 On August 20, 1992, Schultz filed a motion for leave to amend his complaint to add Carol Getty, the Chairman of the Parole Commission, and Regional Administrator Sam Sholquist as defendants. The district court denied the motion on March 22, 1993.
 
 
 13
 As discussed above, Schultz did not state a claim for denial of due process. Accordingly, adding defendants would have been futile, and the district court did not abuse its discretion by denying his motion to amend. See Texaco, Inc., 939 F.2d at 798.
 
 IV
 
 14
 Schultz contends that the district court erred by denying his motion for appointment of counsel.
 
 
 15
 We review a decision regarding appointment of counsel for abuse of discretion. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). There is no constitutional right to appointment of counsel in civil cases. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir.1982). Exceptional circumstances are required for appointment of counsel in civil actions. Wilborn at 1331.
 
 
 16
 Schultz filed a motion for appointment of counsel on July 21, 1992. The district court denied the motion on September 7, 1993.
 
 
 17
 Schultz contends that he was entitled to counsel because the case is complex and he is likely to succeed on the merits. We disagree because, as discussed above, Schultz has not stated a colorable, much less complex, due process claim in which counsel could be of assistance.
 
 V
 
 18
 Schultz contends that this action should be a class action because many federal prisoners share his circumstances.
 
 
 19
 We review a denial of class certification for an abuse of discretion. Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1304 (9th Cir.1990). In light of Schultz's failure to state a claim, the district court did not abuse its discretion by denying class certification.
 
 VI
 
 20
 Schultz contends for the first time on appeal that Judge Carroll should have recused himself because he has repeatedly ruled against Schultz. Adverse rulings usually are not grounds for recusal unless "they evidence the requisite degree of favoritism or antagonism." See United States v. Chischilly, 30 F.3d 1144, 1149 (9th Cir.1994), citing, Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Recusal is not required in light of Schultz's failure to state a due process claim.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3