51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan Lee BRANDT, Plaintiff-Appellant,
v.
Del Ray HOLM; Daniel Sharp; Olivia Craven; Ida Leggett;
Pete Rodriquez; Frank Chidichima; Sondra
Johnson, Defendants-Appellees.
 No. 94-35792.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan Lee Brandt, an Idaho state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Brandt's complaint alleged that members of the Idaho Parole Commission violated his constitutional rights by giving him one parole date during a parole hearing, and then unilaterally altering his parole date one month prior to Brandt's scheduled release. The district court concluded that Brandt's claims were barred on res judicata grounds by his previous state habeas proceeding raising the same claims.
 
 
 4
 We may affirm the district court on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). A prisoner's 42 U.S.C. Sec. 1983 cause of action for damages attributable to unlawful imprisonment does not accrue until his sentence or fact of imprisonment has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994); Trimble v. City of Santa Rosa, No. 94-15567, slip op. 2645, 2648 (9th Cir. Mar. 9, 1995). Because Brandt's allegations necessarily imply the invalidity of his sentence, and he has not shown that his sentence has been invalidated by a state or federal court, Brandt has no cause of action at this time. See Heck at 2373; Trimble at 2649. Accordingly, the district court properly dismissed this action as a matter of law. See Heck, 114 S.Ct. at 2372.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Remand for entry of a judgment without prejudice to Brandt's future refiling of his complaint against the Parole Commissioners, should he succeed in invalidating his sentence, is not necessary because the named defendants are entitled to absolute immunity from monetary damage suits under section 1983. See Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991); Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981)