56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kenneth R. BRYDON, Petitioner-Appellant,
v.
George INGLE, Respondent-Appellee.
 No. 94-16443.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Kenneth R. Brydon appeals pro se the district court's denial of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Brydon contends that his due process rights were violated when the Board of Prison Terms (Board), acting en banc, rejected the decision of a three-member panel of the Board to grant Brydon parole. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We review de novo the district court's denial of a habeas corpus petition, see Adams v. Peterson, 968 F.2d 835, 843 (9th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1818 (1993), and affirm.
 
 
 3
 Brydon contends that the Board's proposed decision became a final decision granting him parole after the Board's Decision Review Unit completed review and before the en banc panel acted. We assume for the purposes of appeal that Brydon has a liberty interest in parole if the Board's initial decision granting him parole is final. See Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir. 1992).
 
 
 4
 Here, the proposed decision stated, "Due [sic] not release pris[oner] until final decision from BPT and all administrative decisions met & final." Although the decision is not a model of clarity, we agree with the district court that the panel obviously intended that the proposed decision would not be effective until the entire review process was complete. See also Cal. Code Regs. tit. 15, Sec. 2041 (1990)[1] (proposed decisions "shall be reviewed prior to their effective date"). Furthermore, the dissenting member of the panel issuing the proposed decision referred the matter for an en banc hearing. This referral prevented the proposed decision from becoming final until after a decision by the Board's en banc panel. See also Cal. Code Regs. tit. 15, Secs. 2043-44 (proposed decision does not become final until review by en banc panel). Although Brydon claims that the dissenting member did not refer the matter for en banc review, the district court's contrary finding was not clearly erroneous. See Thomas v. Brewer, 923 F.2d 1361, 1366 (9th Cir. 1991).
 
 
 5
 Brydon next contends that the Board's en banc panel had no authority to review the proposed decision because its review occurred more than forty-five days after the hearing date by the three-member panel. See Cal. Code Regs. tit. 15, Secs. 2044 ("full board shall review within a maximum of forty-five days from the date of the hearing" the proposed decision).
 
 
 6
 A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty interest, protected by the Constitution, in being paroled. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 843 (9th Cir. 1985). "A state may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." Baumann, 754 F.2d at 844; see also Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir. 1991) (per curiam). However, no protected entitlement to release exists unless a state scheme includes a formula which mandates release after the occurrence of specified events. Baumann, 754 F.2d at 844 (stating that the unique "shall/unless" formula was decisive in Greenholtz).
 
 
 7
 The time limits contained in the Board's regulations "do not create a right to have the specified action taken within the time limits.... and the failure to meet them does not preclude taking the specified action beyond the time limits." Cal. Code Regs. tit. 15, Sec. 2000(a)(9). Because the California regulatory scheme does not impose time limits on the ability of the Board's en banc panel to review proposed parole decisions, Brydon was not denied due process by the en banc decision. See Baumann, 754 F.2d at 844; see also Bermudez, 936 F.2d at 1067.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny Brydon's request for oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we find no merit to Brydon's claims based upon the 1990 version of the California Code of Regulations, we need not address his claim that the district court erred by using the 1994 version of the Regulations