56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dennis C. JONES, Plaintiff-Appellant,
v.
Daniel B. VASQUEZ, Warden, Defendant-Appellee.
 No. 94-16721.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Dennis C. Jones appeals the district court's denial of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Jones contends the district court erred by finding no denial of his due process rights when the Board of Prison Terms (Board) refused to set a parole date and failed to consider relevant documents. We have jurisdiction under 28 U.S.C. Secs. 1291, 2253. Reviewing the denial of the habeas corpus petition de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994), we affirm.
 
 
 3
 We assume for the purposes of appeal that California has created a protected liberty interest in an expectation of parole for a prisoner, such as Jones, who is serving a life sentence. See Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir. 1992). Due process requires that a state provide an opportunity to be heard and a statement of reasons if parole is denied. See Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979); Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (per curiam).
 
 
 4
 Jones was represented by counsel at his parole hearing and had an ample opportunity to be heard. The Board informed Jones of the shortcomings preventing his release on parole. Jones received due process at the hearing. See Bermudez, 936 F.2d at 1066.
 
 
 5
 Jones nonetheless contends that the Board violated his due process rights by failing to set a parole date. The Board, however, did not set a parole date because it did not find him suitable for parole, according to the state statutory scheme. See, e.g., Cal. Penal Code Sec. 3041 (West 1990); Cal. Code Regs. tit. 15, Secs. 2280-81 (1990). Because the Board did not find him suitable for parole, Jones has no right to parole or a parole date. See Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir. 1989) (liberty interest arises only if prison board determines that statutory prerequisites requiring release exist). Although Jones does not claim that the Board's decision finding him unsuitable for parole is unsupported by reliable evidence, see, e.g., Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994), he contends that the Board violated its own regulations by failing to consider legal briefs filed in previous proceedings. We find no merit in this contention because Jones does not identify the relevance of these documents or indicate how the Board's decision would have been different had they considered the briefs. Because Jones had an opportunity to apprise the Board of any information contained in the briefs, his due process rights were not violated. See Greenholz, 442 U.S. at 16.
 
 
 6
 Jones states no cognizable habeas claim by contending that the state statutory parole scheme conflicts, and thus violates due process, because California has interpreted the statutory scheme and found no conflict. See In re Seabock, 189 Cal. Rptr. 310, 315-16 (Cal. Ct. App. 1983); see also Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) (state prisoner must allege that his detention violates Constitution, federal statute, or treaty in order to state a habeas claim); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.) (federal courts bound by state's interpretation of its own law unless interpretation is untenable), cert. denied, 493 U.S. 942 (1989).
 
 
 7
 AFFIRMED.
 
 
 
 *
 We deny Jones's request for oral argument because we unanimously find this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3