60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael E. PETERSON, Plaintiff-Appellant,
v.
Kathryn BAIL; George Johnson; David L. Carlson; Kaye
Adkins; Robert Trimble, Defendants-Appellees.
 No. 94-36190.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael E. Peterson, a former Washington state prisoner, appeals pro se the district court's grant of summary judgment for the defendants, members of the Washington Indeterminate Sentence Review Board ("parole board") in his 42 U.S.C. Sec. 1983 action.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's grant of summary judgment, International Union v. Karr, 994 F.2d 1426, 1429 (9th Cir.1993), and we affirm.[2]
 
 
 3
 Peterson contends that his due process rights were violated when he did not receive a second hearing before three armed robberies were considered in revoking his parole. This contention lacks merit.
 
 
 4
 Parole revocation does not require all the rights afforded a defendant in criminal proceedings, however, parolees are entitled to certain minimal due process before their parole is revoked. Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973); Morrissey v. Brewer, 408 U.S. 471, 482 (1972). These minimum due process requirements include notice and opportunity for the parolee to be heard and to present evidence, the right to confront and cross-examine witnesses, a neutral and detached hearing body, and a written statement by the fact finders discussing the evidence relied upon and reasons for revoking parole. Morrissey, 408 U.S. at 489. A parole board may revoke parole status if it is determined that the parolee admitted to parole violations and if those violations are found to be reasonable grounds for revoking parole under state standards. Id. at 490.
 
 
 5
 Here, on February 9, 1989 Peterson's parole was suspended based on nine suspected parole violations, including five armed robberies committed in the six months prior to Peterson's parole suspension. A parole revocation hearing was held on March 26, 1989. Peterson, represented by counsel, pled guilty to four violations of his parole: (1) possession of marijuana; (2) leaving the state without permission; (3) failure to attend a drug rehabilitation program which was a condition of his parole; and (4) failure to pay an administrative $15 fine. Peterson denied committing the five armed robberies. Defendant Adkins deferred her decision on the parole revocation pending the outcome of Peterson's criminal charges. On May 18, 1989, Peterson pled guilty to three counts of armed robbery and Adkins issued a decision revoking Peterson's parole.
 
 
 6
 In his brief, Peterson admits that on March 6, 1989, "[p]laintiff was present at the hearing and was represented by counsel. The hearing was conducted by Board Member Adkins who heard evidence, testimony of witnesses, and arguments of counsel." Peterson does not dispute that the parole board was a neutral and detached hearing body, or that he was provided with notice of the alleged violations, and a written statement discussing the evidence relied upon and reasons for revoking parole. His only allegation is that due process requires that he be provided with a second hearing in order to be heard and present evidence regarding the new armed robbery convictions.
 
 
 7
 Because Peterson's first hearing complied with due process and because that hearing provided him with an opportunity to present evidence and to be heard in regard to the armed robberies, the district court did not err by dismissing Peterson's action.[3] See id. at 489. To the extent that Peterson is contending that the actions of the parole board violated the doctrine of separation of powers, we agree with the district court that this doctrine applies only to the federal government. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to proceed before a Magistrate Judge
 
 
 [2]
 We decline to consider Peterson's equal protection argument because it was raised for the first time in his reply brief, see All Pacific Trading Inc. v. Vessel M/V Hanjin Yosu, 7 F.3d 1427, 1434 (9th Cir.1993), cert. denied, 114 S.Ct. 1301 (1994), and Peterson's other claims because they were not raised on appeal, see Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)
 
 
 [3]
 Furthermore, we note that all of the defendants are members of the parole board, and thus entitled to absolute immunity for any actions made in considering parole applications. See Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991)