107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert SORENSON, Plaintiff-Appellant,
v.
STATE OF MONTANA; Marc Racicot, in his official capacity as
Governor of the State of Montana; Montana Board of Pardons;
John G. Thomas, in his official and individual capacity;
Jane Doe, in her official and individual capacity as a
member of the Montana Board of Pardons; John Doe, in his
official and individual capacity as a member of the Montana
Board of Pardons, Defendants-Appellees.
 No. 96-35397.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
 Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Sorenson, a former Montana state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action against the State of Montana, the Montana Board of Pardons, Governor Marc Racicot, John G. Thomas, chairman of the Montana Board of Pardons, and several unknown parole board members. Sorenson alleged that defendants violated his Eighth and Fourteenth Amendment rights by denying his application for parole based upon his failure to enroll in a prison self-help group called "Criminal Thinking Errors." We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Bermudez v. Duenas, 936 F.2d 1064, 1065 (9th Cir.1991) (per curiam), and we affirm.
 
 
 3
 First, Sorenson contends that the district court erred by dismissing his claim against the State of Montana and the Montana Board of Pardons. We conclude that the dismissal was proper because the State of Montana is not a "person" within the meaning of section 1983, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), and because the Eleventh Amendment also bars federal court actions against state agencies, see Shaw v. State of Cal. Dep't of Alcoholic Beverages Control, 788 F.2d 600, 603 (9th Cir.1986).
 
 
 4
 Next, Sorenson alleges that the district court erred by dismissing Governor Marc Racicot. First, the district court properly dismissed Racicot because Sorenson sued Racicot in his official capacity, and as such, Racicot is not considered a "person" amenable to suit under section 1983. See Bermudez, 936 F.2d at 1066. To the extent that Sorenson named Racicot in his individual capacity as supervising the parole board, the district court properly dismissed Racicot because the doctrine of respondeat superior cannot be used in 42 U.S.C. § 1983 actions to hold supervisors liable when they have no direct link to the alleged misconduct. See Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (holding that section 1983 action requires a showing of personal participation in alleged constitutional violation).
 
 
 5
 Sorenson also contends that the district court erred by dismissing his claim against members of the parole board. "[P]arole board officials are entitled to absolute immunity from liability for damages for their actions taken when processing parole applications." Bermudez, 936 F.2d at 1066. Here, because Sorenson alleged that the parole board members violated his constitutional rights by denying his application for parole, the district court properly found that the parole board members were entitled to absolute immunity. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal