Drake D. WARD, Plaintiff—Appellant,

v.

Troy THOMAS, L.A.P.D. Officer
# 27350, Defendant,

and

Jo Ann Gordon; Marina Martinez;
C.A. Terhune, Defendants—
Appellees.

No. 03–56469.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Dec. 1, 2005.

Douglas L. Johnson, Esq., Johnson & Rishwain, Los Angeles, CA, for Plaintiff–Appellant.

James Conrad Schroeder, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendant/Defendants–Appellees.

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

## MEMORANDUM *

In this case we are asked to consider whether 1) the doctrine of absolute immunity shields Martinez from suit and 2) Terhune can be held liable under a respondeat superior theory.

The record reflects that Ward denied the allegations forming the basis for the return proceeding and requested that Martinez: 1) assign him a lawyer and 2) subpoena the two police officers for the hearing. Both requests were denied by Martinez, who gave reasons for her denial. The hearing proceeded; Ward and his parole agent testified and the police report and parole violation were both considered.

Ward's appeal challenges Martinez's decision to act in the role of hearing officer after predetermining that the matter was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

straight forward in pre-hearing interviews and refusing to appoint counsel on that ground. He also claims that her refusal to 1) subpoena the two police officers 2) appoint counsel and 3) continue the hearing when the officers did not appear violated his right to counsel, to confront adverse witnesses, and to due process. We understand, but reject his arguments.

Our review of summary judgment decisions regarding absolute immunity and § 1983 liability for supervisors is de novo. *Fry v. Melaragno,* 939 F.2d 832, 835 (9th Cir.1991); *Palmer v. Sanderson,* 9 F.3d 1433, 1435 (9th Cir.1993).

Officials enjoy absolute immunity when they are "performing a duty functionally comparable to one for which officials were rendered immune at common law." *Miller v. Gammie,* 335 F.3d 889, 897 (9th Cir. 2003) (en banc). Executive officials performing quasi-judicial functions for which there was common law immunity are immune. *See Swift v. California,* 384 F.3d 1184, 1190 (9th Cir.2004); *Sellars v. Procunier,* 641 F.2d 1295, 1302–03 (9th Cir. 1981); *Bermudez v. Duenas,* 936 F.2d 1064, 1066 (9th Cir.1991).

In spite of the vigor of argument by counsel, the record reflects that the decisions complained of are non-investigatory and unrelated to enforcement or execution. Instead, they relate directly to the decision-making process regarding the determination of Ward's outpatient status. Those decisions were quasi-judicial. They are precisely the type of preliminary decisions made regularly by judges in the performance of their duties. Absolute immunity applies.

As to defendant Terhune, liability would require some showing of a causal connection between his conduct and the alleged violation. *See Redman v. County of San Diego,* 942 F.2d 1435, 1446–47 (9th Cir.1991) (en banc). Not only is there no such showing, the record fails to reflect a violation. Terhune was not involved in creating the policies promulgated or in the application of those policies. Nor does the record indicate a failure to train Martinez for which Terhune could be held liable. *See City of Canton v. Harris,* 489 U.S. 378, 380, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

AFFIRMED.