Liza BROWN, Plaintiff—Appellant,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, a Department of the State of California; California Board of Prison Terms; Susan E. Poole; Mitchell Harris; Keith Thompson; Steve Cooley Kathleen Tuttle, Defendants—Appellees.

No. 07–55409.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2008.

Filed Sept. 18, 2008.

Richard Hamlish, Esquire, Wesklake Village, CA, for Plaintiff–Appellant.

Leena Sheet, Esquire, AGCA—Office of the California Attorney General, Jennifer A.D. Lehman, Esquire, Los Angeles, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, KLEINFELD and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Liza Brown (Brown) challenges the district court's grant of summary judgment based on Appellees' immunity from her 42 U.S.C. § 1983 claims.

1. The district court properly held that the state prosecutors were entitled to absolute immunity for their parole recommendations. *See Genzler v. Longanbach,* 410 F.3d 630, 636 (9th Cir.2005) ("A prosecutor is protected by absolute immunity from liability for damages under § 1983 when performing the traditional functions of an advocate.") (citation and internal quotation marks omitted).[1]

2. The district court properly held that the parole board members were entitled to absolute immunity. *See Bermudez v. Duenas,* 936 F.2d 1064, 1066 (9th Cir.1991) ("Although a section 1983 action may be maintained against officials acting in their individual capacities, parole board officials are entitled to absolute immunity from liability for damages for their actions taken when processing parole applications.") (citations omitted).

3. The district court properly granted summary judgment in favor of Warden

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In her opening brief on appeal, Brown did not challenge the district court's ruling that she failed to produce evidence that Steve Coo-

ley, the Los Angeles District Attorney, had formulated a policy opposing Brown's release. That issue is waived. *See Rick–Mik Enterprises Inc. v. Equilon Enters., LLC,* 532 F.3d 963, 976 (9th Cir.2008).

Susan Poole (Poole), because Brown failed to present any evidence that Poole "set in motion a series of acts by others, which [she] knew or reasonably should have known, would cause others to inflict the constitutional injury." *See Motley v. Parks,* 432 F.3d 1072, 1081 (9th Cir.2005) (citation, alterations, and internal quotation marks omitted).

4. The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity. *See Dittman v. California,* 191 F.3d 1020, 1025–26 (9th Cir.1999).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.