Merle R. LAKE

v.

V.I. WATER AND POWER
AUTHORITY.

No. 1992–149.

District Court, Virgin Islands,
D. St. Thomas and St. John.

Dec. 2, 1994.

Desmond L. Maynard, of St. Thomas, U.S. Virgin Islands, for plaintiff.

Cathy Smith, of St. Thomas, U.S. Virgin Islands, for defendant.

### *MEMORANDUM AND ORDER*

FRANK A. KAUFMAN, Senior District Judge.

(1) Reference is hereby made to defendant's October 6, 1994 motion for summary judgment and to all filings to date in this case.

(2) Plaintiff, Merle Lake (hereinafter "Ms. Lake"), instituted the within case in July, 1992 alleging that defendant, Virgin Islands Water and Power Authority (hereinafter "WAPA"), engaged in a pattern and practice of employment discrimination. In so alleging, Ms. Lake asserts that WAPA violated her civil rights under 42 U.S.C. § 2000e, *et seq.* and under 42 U.S.C. § 1983. Subject

284

matter jurisdiction exists pursuant to 28 U.S.C. § 1331.

(3) The relevant facts in this case, except where noted to the contrary in this Memorandum and Order, are undisputed. In December 1991 Ms. Lake, a black woman of Anguillan descent who was employed by WAPA, applied for the position, at WAPA, of account clerk III. At the time Ms. Lake applied for that position, she was employed by WAPA as a customer service clerk, and had been so employed for nearly sixteen (16) years. Ms. Lake took and passed a written exam which was required for the account clerk III position. While Ms. Lake had been employed by WAPA for nearly sixteen (16) years, her customer service position did not require any typing skills and thus, WAPA did not know whether she was a competent typist. The account clerk III position "required a high degree of accuracy in typing."[1] Therefore, even though Ms. Lake had, as set forth *supra*, passed the written exam, she was also required to take a typing test which she failed. Plaintiff challenges whether the typing test was, indeed, "required."[2] Because Ms. Lake failed the typing test, she was not awarded the job. The position was awarded to a black woman of Guyanan descent. Approximately one year after Ms. Lake was denied the promotion, another account clerk III position became vacant. Ms. Lake applied for that position. Once again she took the required typing test. This time she passed that test and, accordingly, was awarded the position. She commenced her employment in that position in February 1993. However, she continues to seek damages and equitable relief for alleged discrimination between 1991 and February 1993.

(4) WAPA contends that no genuine issues of material fact exist and that it is entitled to the grant of summary judgment. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Petruzzi's IGA Supermarkets v. Darling–Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir.1993). As such, the non-movant is entitled to have "all reasonable inferences ... [drawn] in the light most favorable to the non-moving party" *Petruzzi's* at 1230. *See also Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* — U.S. ——, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993). However, the non-moving party must ultimately show that a genuine issue of material fact exists. The non-movant "may not rest upon the mere allegations or denials of [his or her] pleadings ... [but instead] must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Indeed, the non-movant must "go beyond the pleadings and by [its] own affidavits, ... depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the non-movant offers evidence that is "merely colorable or is not significantly probative, summary judgment may be granted." *Anderson* at 249–50, 106 S.Ct. at 2511. (citations omitted). " 'The opponent must do more than simply show that there is some metaphysical doubt as to material facts' ... [it must exceed] the 'mere scintilla' threshold." *Big Apple BMW*, 974 F.2d at 1363 (*citing Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)).[3]

(5) Ms. Lake does not allege, nor does the record before this Court indicate, any direct or circumstantial evidence of discrimination on the part of WAPA. In such a

[1]. *See* Affidavit of Nellon Bowry at ¶ 2. *See also* Answers to plaintiff's first set of interrogatories, Exhibit 2, Defendant's supplement to motion for summary judgment at number 9.

[2]. Defendant admits, as plaintiff contends, that there have been instances in which defendant has not administered a typing test. However, WAPA asserts that only those individuals who "held a position within the Authority in which the applicant had demonstrated that he/she pos-

sessed those necessary [typing] skills [were permitted to forgo the typing exam.]" *See* Affidavit of Mellon Bowry at ¶ 5.

[3]. *See also Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512 ("The mere existence of a scintilla of evidence in support of plaintiff's case will be insufficient; there must be evidence on which the jury could reasonably find for the non-moving party").

case, the Supreme Court has provided for plaintiffs like Ms. Lake a burden shifting test to prove discrimination. This judicially created test first requires that a plaintiff establish a *prima facie* case. Once the plaintiff has so done, the burden shifts to the employer to articulate a "legitimate, non-discriminatory reason" for the challenged personnel action. After the defendant has so demonstrated, the plaintiff must prove, by a preponderance of the evidence, that the employer's reason was a "pretext" for intentional discrimination. *McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 255–58, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981). *See also St. Mary's Honor Center v. Hicks,* — U.S. —, —, 113 S.Ct. 2742, 2746–48, 125 L.Ed.2d 407 (1993). At all times, the ultimate burden of proving discrimination rests on the plaintiff. *Hicks,* — U.S. at —, 113 S.Ct. at 2747.

In order to establish a *prima facie* case, a plaintiff must show that: (1) he/she is a member of the protected class; (2) he/she was not hired; (3) at the time of the employment decision, he/she could meet the employer's requirements for employment; and (4) following the employment decision, the employer continued to seek applicants for the position. *McDonnell–Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824; *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1078 (3d Cir.1992) (setting forth the *prima facie* standards within an age discrimination context).[4] "A *prima facie* case creates an inference of discrimination." *Id.* However, Ms. Lake has neither produced nor proffered any evidence, other than her base contention that she was not hired in 1991 due to her race and national origin, from which this Court can draw such an inference. In the instant case, plaintiff

has not met the third and fourth prongs of the *prima facie* test. First, plaintiff has not proffered evidence that at the time she was denied the position, she could meet WAPA's legitimate job requirements, namely accurate typing skills. Assuming, *arguendo* only, that Ms. Lake could so do, she still does not meet the fourth prong of the *prima facie* test. The initial account clerk III position was filled by another black woman, who, like plaintiff, is of eastern Caribbean descent. Because the position was filled by someone in the same class as plaintiff, there can be no inference of discrimination under the *McDonnell–Douglas* proof scheme.

As discussed *supra,* plaintiff claims that there is an issue of material fact as to the typing test. In the instant case, WAPA has met its initial burden by showing that no genuine issues of material fact exist. In its supplementary filing, WAPA has set forth, in proper Rule 56 form, evidence indicating that the account clerk III position required accurate typing skills.[5] Ms. Lake was, at the time, required to take a typing test because WAPA had no prior knowledge of her typing skills. Later on, when another account clerk III position became available, Ms. Lake applied for it, took the typing test, passed that test, and was awarded the position.[6]

In her response to defendant's motion for summary judgment, Ms. Lake has failed to meet her ultimate burden of showing that there is evidence such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. While plaintiff asserts certain disputed facts vis-a-vis the typing test, she has proffered no evidence, as required by Rule 56(e), to show that there are genuine issues of material fact in dispute. Ms. Lake contends that WAPA should have known of her typing skills and that WAPA has, in the

4. Further, if the employer does hire someone from the same class of persons as the applicant, then the fourth prong seemingly is not met. *See Gray* at 1078; *Goldberg v. B. Green and Co., Inc.,* 836 F.2d 845, 849 (4th Cir.1988). In the instant case, regardless of whether this Court narrowly applies the *McDonnell–Douglas* standard, the position involved was filled by a black woman of eastern Caribbean descent, that is, from the same class as plaintiff.

5. *See* note 1, *supra.*

6. Plaintiff, in her response memorandum, infers that she was eventually hired as an account clerk III because she instituted the within lawsuit. However, beyond her conclusory assertion in the pleadings, Ms. Lake has offered no evidence to establish that claim; nor has she shown any evidence of discriminatory intent on the part of defendant.

past, filled the account clerk III position without administering a typing test.[7] Such allegations, set forth solely in the pleadings, fall short of Federal Civil Rule 56(e)'s requirements.

■ (6) As to Ms. Lake's § 1983 claim, it too is insufficient both for the same reasons set forth *supra* in regard to plaintiff's 42 U.S.C. § 2000e claim, and for an independent reason. Plaintiff rightly asserts that courts have allowed § 1983 actions to be brought against municipalities and certain public employers. However, the Government of the Virgin Islands is a territory of the United States. Defendant is an autonomous governmental instrumentality of the Government of the Virgin Islands. *See* 30 V.I.Code § 101 *et seq.* Section 1983 does not apply to territories such as the Virgin Islands. *See Ngiraingas v. Sanchez*, 495 U.S. 182, 110 S.Ct. 1737, 109 L.Ed.2d 163 (1990), in which the Court concluded that § 1983 was inapplicable to Guam. "Any attempt to interpret 'person' as including a 'territory' would be too strained a reading of the statute and would lead to a far more 'awkward' interpretation than what a majority of the Court found significant in *Will v. Michigan Department of State Police.* [491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989)]" *Id.* at 190, 110 S.Ct. at 1742 (citations omitted).[8]

(7) Accordingly, defendant is entitled to the grant of summary judgment and judgment will be entered for defendant in a separate Order of even date herewith.

(8) Copies of this Memorandum and Order are today being mailed to counsel of record.

(9) It is so Ordered.

---

7. *See* note 2, *supra.*

8. *See also Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir.1991).