**Edward Charles BOLLINGER, Plaintiff—Appellant,**

v.

**OREGON STATE BOARD OF PAROLE & POST–PRISON SUPERVISION; Marva C. Fabien, Presiding Member of the Oregon State Board of**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Parole and Post Prison Supervision, and in her individual capacity; Diane Middle, Chairperson of the Oregon State Board of Parole and Post Prison Supervision, and in her individual capacity; Diane Rea, Chairperson of Oregon State Board of Parole and Post Prison Supervision, and in her individual capacity; S.F. Thompson, as Superintendent of OSP, and in his individual capacity; Manfred F. Maass, Superintendent of OSP, and in his individual capacity; J.C. Kenny, as Superintendent of OSP, and in his individual capacity; Robert Schiedler, Superintendent of The Santam Correctional Institution, and in his individual capacity, Defendants—Appellees.

No. 02–35685.

D.C. No. CV–01–01604–GMK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Dec. 22, 2003.

James D. Van Ness, Van Ness, Hammond, Mooney LLC, Salem, OR, for Plaintiff–Appellant.

Jas. Jeffrey Adams, Office of the Attorney General, Leonard W. Williamson, DOJ–Oregon Department of Justice, Salem, OR, for Defendants–Appellees.

Before GOODWIN, ALARCON, and RAWLINSON, Circuit Judges.

MEMORANDUM*

Edward Bollinger, a state prisoner who disagreed with state officials about his right to refuse release on parole, sued the Oregon State Board of Parole and Post–Prison Supervision, *et al.* (the "Board"), to recover damages under 42 U.S.C. § 1983. The district court granted the Board's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, ruling that the statute of limitations barred Bollinger's action and that the Board was entitled to qualified immunity. Because neither ground relied upon by the district court can be sustained, we reverse and remand for further proceedings.

The statute of limitations for filing a § 1983 action is determined by the forum state's statute of limitations for personal injury actions. *Knox v. Davis,* 260 F.3d 1009, 1012–13 (9th Cir.2001) (citing *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Under Oregon law, the statute of limitations for a personal injury action is two years. Or. Rev.Stat. § 12.110(1) (2001); *see also Sain v. City of Bend,* 309 F.3d 1134, 1139 (9th Cir.2002). Although state law determines the statute of limitations, federal law dictates when the claim accrues. *Morales v. City of Los Angeles,* 214 F.3d 1151, 1153–54 (9th Cir.2000).

■ Bollinger's claim accrued when the Oregon Supreme Court set aside his parole on December 9, 1999. *See Heck v. Humphrey,* 512 U.S. 477, 489–90, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."). Because Bollinger filed his § 1983 action on October 30, 2001, the two-year statute of limita-

tions does not bar his action. *See id.* at 489 ("[T]he statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen.").

We review *de novo* both a district court's decision on qualified immunity, and its determination of whether a plaintiff's rights were clearly established at the time of the alleged violation. *Elder v. Holloway,* 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). We proceed to whether Bollinger's rights were clearly established because the Board has conceded for purposes of its motion to dismiss that Bollinger has alleged a violation of his constitutional rights. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

■ Taking the factual allegations in the complaint as true and construing them in the light most favorable to the non-movant, *see Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1121 (9th Cir.2002) (citation omitted), we cannot conclude that it would not be clear to a reasonable official that retroactively applying a statute to avert Bollinger's unconditional release would violate his due process rights. *See Saucier,* 533 U.S. at 202 ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.") (citation omitted).

■ The Board is not entitled to absolute immunity because Bollinger has not challenged the Board's quasi-judicial function of ruling on an application for parole, which would be entitled to absolute immunity. *See Bermudez v. Duenas,* 936 F.2d 1064, 1066 (9th Cir.1991). Rather, Bollinger contends that the Board ordered parole

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

262

without statutory authority to retard his good-time release date. *Cf. id.* at 1067 ("Nevertheless, early release statutes can create 'a liberty interest protected by due process guarantees.'") (quoting *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)).

We express no opinion on whether Bollinger's claims can survive summary judgment after a complete factual record is properly presented in the district court. We note only that dismissal on the ground that the claim was barred by the statute of limitations was contrary to the teaching of *Heck;* and that the Rule 12(b)(6) dismissal on the alternative ground of qualified immunity was premature because that defense, which may or may not have some viability at a later stage of proceedings, is not apparent from the face of the complaint. *See Groten v. California,* 251 F.3d 844, 851 (9th Cir.2001) ("[A] Rule 12(b)(6) dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies.") (citing *Jensen v. City of Oxnard,* 145 F.3d 1078, 1085 (9th Cir.1998)).

**REVERSED and REMANDED.**