Edward Charles **BOLLINGER**,
Plaintiff—Appellant,

v.

State of **OREGON**; Oregon State Corrections, Oregon State Penitentiary; Santiam Correctional Institution; Oregon State Board of Parole & Post–Prison Supervision; Diane Rea, as Chairperson of Oregon State Board of Parole and Post Prison Supervision, and in her individual capacity; S.F. Thompson, as Superintendent of OSP, and in his individual capacity; Manfred F. Maass, as Superintendent of OSP, and in his individual capacity; J.C. Kenny, as Superintendent of OSP, and in his individual capacity; Robert Schiedler, as Superintendent of the Santiam Correctional Institution, and in his individual capacity, Defendants—Appellees.

No. 05–35335.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2006.

Decided March 28, 2006.

James D. Van Ness, Esq., Ginger G. Mooney, Esq., Van Ness, Hammond, Mooney L.L.C., Salem, OR, for Plaintiff—Appellant.

Leonard W. Williamson, Esq., Office of the Oregon Attorney General, Salem, OR, for Defendants—Appellees.

Before: BRUNETTI, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

Plaintiff Edward Bollinger ("Bollinger") brings this action under 42 U.S.C. § 1983, claiming that defendants violated his con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

stitutional rights by releasing him on parole, over his objections, for the purpose of imposing post-prison supervision. The district court granted defendants' motion for summary judgment because several individual defendants were not involved in the parole decision, and the remaining defendants were entitled to qualified immunity. Bollinger appeals, contending that the district court erred in its decision on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recite them in detail. We reverse.

In *Bollinger v. Or. State Bd. of Parole & Post-Prison Supervision*, 86 Fed. Appx. 259 (9th Cir.2003) (*"Bollinger I"*), we reversed the district court's dismissal on qualified immunity grounds, holding, *inter alia*, that, "[t]aking the factual allegations in the complaint as true and construing them in the light most favorable to the non-movant, we cannot conclude that it would not be clear to a reasonable official that retroactively applying a statute to avert Bollinger's unconditional release would violate his due process rights." *Id.* at 261 (citation omitted). On remand, the district court granted defendants' motion for summary judgment, concluding that they were entitled to qualified immunity because their actions, although ultimately unlawful, were reasonable. Defendants had presented evidence in in support of their motion for summary judgment, but none of that evidence was relevant to the question of qualified immunity.

■ Under the law of the case doctrine in our circuit, subsequent proceedings should follow the law of the case established in a previous appellate decision unless: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir.1997) (en banc) (footnote, citation, and internal quotation marks omitted), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Because the court itself has an interest in preventing repetitive litigation, we raise the law of the case argument *sua sponte* even though it has not been previously argued by the parties. *See id.* (stating the purposes of the doctrine); *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 329–30 (9th Cir.1995) (recognizing ability to raise *sua sponte* arguments of res judicata and issue preclusion because they protect public interests).

■ Since, in the posture presented to us, this qualified immunity question is a purely legal one, and *Bollinger I* held that the defendants were not entitled to qualified immunity, that holding controls this appeal as law of the case. Although on remand, defendants produced evidence in support of their motion for summary judgment, no evidence relevant to qualified immunity was presented, so that the law of the case is still applicable. *See Pubali Bank v. City Nat'l Bank*, 777 F.2d 1340, 1342 (9th Cir.1985) (holding that a district court should grant summary judgment "in accordance with the law of the case, based on the appellate conclusions, if no evidence that affects the appellate ruling is offered"). The other exceptions to the doctrine are also inapplicable here. *See Jeffries*, 114 F.3d at 1489. Accordingly, we reverse the district court's decision because the court erred in not following *Bollinger I*'s holding on qualified immunity, and remand for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**